ELLIS, Judge.
This is a suit by Joseph N. Traigle, Collector of Revenue for the State of Louisiana, to compel the American Bank & Trust Company to comply with a subpoena duces te-cum issued to it and to collect certain occupational license taxes allegedly due by American. An exception of no cause of action was filed to the merits of the case by the defendant. After a hearing, the trial court sustained the exception and dismissed the suit, and plaintiff has appealed.
The allegations of the petition, which we accept as true, reveal that defendant is a domestic banking corporation and that it operates a travel service or travel department. The Collector alleges that this activity is subject to the occupational license tax.
Under the provisions of R.S. 47:1545, the Collector issued a subpoena duces tecum to American to produce “all business records pertaining to commissions and/or income and/or gross receipts received from the operation of the travel agency or travel department h'owever enumerated, operated or controlled by the American Bank & Trust Company.” It is alleged that American refused to comply with the subpoena.
R.S. 47:8 provides as follows:
“§ 8. Taxation of state banking corporation and shareholders
*255 “Banking corporations organized under the laws of Louisiana and other corporations whose income is derived solely from banking corporations and from securities exempt from taxation by the State of Louisiana and shareholders of such banking corporations shall be subject to the payment of all taxes of the State of Louisiana and any subdivision thereof in the same manner as national banking corporations doing business in Louisiana and their shareholders are taxed by the State of Louisiana and any subdivision thereof under the laws and regulations of the United States of America and the State of Louisiana, and in no other manner.”
The right of the states to tax national banks is limited to four methods by federal law. See 12 U.S.C.A. § 548.
In R.S. 47:1967, the State of Louisiana chose the following method of taxation:
“§ 1967. Listing and assessment of bank stock; procedure
“The shares of stock of all banks, banking companies, firms, associations of corporations, doing a banking business in this state, chartered by the laws of this state or of the United States are hereby declared subject to taxation for all purposes in the state.”
It is the contention of American that its travel agency is a banking service which it renders, and that it cannot be subject to any taxation beyond that provided in R.S. 47:1967, supra.
American also points to R.S. 47:396(D) which, it alleges, specifically exempts banks from the occupational license tax. It provides, in part:
“Printers, lithographers, editors and publishers, whether carrying on their businesses or professions as individuals, firms, partnerships or corporations, and attorneys at law, accountants, baijks, homestead and building and loan associations, oculists, physicians, osteopaths, dentists, chiropodists, bacteriologists, veterinarians, chemists, architects, and civil, mechanical, * chemical and electrical engineers engaged in the practice of their profession and not engaged in sales, shall be exempted from any provisions of this Chapter.”
The Collector argues that both R.S. 47:1967 and R.S. 47:396(D) require that the bank be “doing a banking business” or be “engaged in the practice of (its) profession,” in order to enjoy the exemption from or limitation on taxation provided by the foregoing provisions.
It is argued that the legislature never intended to exempt from the occupational license tax any business activity carried on by banks, but only those which are related to banking activities. The Collector asserts that whether the operation of a travel agency is a “banking activity” is a question of fact which can only be determined after an evidentiary hearing. He further argues that he should be permitted to exercise his subpoena power under R.S. 47:1545 to discover facts which might be pertinent to such an inquiry.
It seems obvious that the law limits the taxation of banks only so long as they are engaged in banking activities. This is clear from the language of R.S. 47:8, when read with R.S. 47:1967 and R.S. 47:396(D). We are also of the opinion that whether a particular activity of a bank is a banking activity is a question of fact to be decided on the merits of a case. We cannot agree with American that any business activity undertaken by a bank is necessarily a banking activity.
R.S. 6:237 sets forth the powers which may be exercised by a banking association such as American. The operation of a travel agency is not among the activities listed. It is not disputed that travel agencies are subject to the occupational license tax. R.S. 47:367, 370, 395.
We are, therefore, of the opinion that the Collector has alleged a cause of action, and is entitled to have a trial on the merits.
Under that circumstance, we are also of the opinion that the Collector is entitled to subpoena the bank’s records relative to the operation of the travel agency. Under R.S. 47:1502, the Collector is given *256 the duty of enforcing the collection of all taxes that “may be due.” R.S. 47:1541 et seq. authorizes him to make investigations, hold hearings, examine records and subpoena witnesses and documents in connection therewith. A court may, by summary process, compel compliance with these subpoenas if one has refused to obey without legal excuse.
The legal excuse offered, by American is that, as a matter of law, the Collector cannot impose an occupational license tax on a banking activity. As we have noted above, it does not appear from this record, that the operation of a travel agency is a banking activity. We are of the opinion that American must comply with thessubpoena.
The judgment appealed from is therefore reversed and set aside, and the case is remanded to the trial court for trial on the merits in accordance. Defendant is granted 15 days from the date this judgment becomes final to file answer. Defendant is ordered to comply with the subpoena duces tecum issued by the Collector of Revenue within 15 days of the date on which this judgment becomes final. Defendant will pay all costs of this appeal, with all other costs to await final determination hereof on the merits.
REVERSED AND REMANDED.